UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00420-MR

| | |
|---|---|
| ROMAN DERRICK MILLER, SR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>GARY L. McFADDEN, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e). [Doc. 1]. Plaintiff has paid the filing fee in this matter. [9/20/2022 Docket Entry].

**I.    BACKGROUND**

Pro se Plaintiff Roman Derrick Miller, Sr., ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Catawba Correctional Center in Newton, North Carolina. He filed this action on August 19, 2022, pursuant to 42 U.S.C. § 1983 and North Carolina state law against Defendants Gary L. McFadden, identified as the Sheriff of Mecklenburg County; FNU LNU, identified as a Caption of Mecklenburg County Sheriff's

Department;[1] the "Mecklenburg Sheriff's Department" ("Sheriff's Office"); the "County of Mecklenburg Government Office," and the "City of Charlotte Government Office."[2]  [Doc. 1; see Doc. 1-3[3]].

Plaintiff alleges as follows.  On July 21, 2020, he was arrested in Gaston County, North Carolina, for a misdemeanor probation violation.  The next day he was transferred to Mecklenburg County Jail for a court appearance, where his probation was terminated, and he was "ordered to be released."  Plaintiff, however, was not released until July 28, 2020.  [Doc. 1 at 2].  Plaintiff claims this delay constitutes "unlawful imprisonment" by "the County Jail," cruel and unusual punishment in violation of the Eighth Amendment, and violation of his due process and equal protection rights under the Fourteenth Amendment.  [Id.].  Plaintiff specifically alleges that "[t]he County of Mecklenburg and City of Charlotte are liable for the laws and statutes they have enacted" and "[t]he Sheriff and Caption are liable for keeping [him] imprisoned unlawfully and unconstitutionally."  [Id. at 3].

---

[1] The Court will direct the Clerk to add FNU LNU as a Defendant in the docket in this matter.  [See Doc. 1 at 1-2].
[2] Plaintiff does not allege whether he seeks to sue the individual Defendants in their individual or official capacities or both. The Court, therefore, will consider both.

[3] Plaintiff failed to sign his original Complaint.  [See Doc. 1 at 5].  Before initial review, the Court, therefore, ordered that Plaintiff execute the signature page of his Complaint.  [Doc. 6].  The Plaintiff timely complied, and the Clerk docketed the signature page at Docket No. 1-3.

For injuries, Plaintiff claims that he suffered emotional distress, mental anguish, and pain and suffering that caused him to lose his job, his apartment, and many of his belongings. [Id. at 3]. For relief. Plaintiff seeks compensatory and punitive damages. [Id. at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se

3

complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. Defendants McFadden, LNU, and Sheriff's Office

Plaintiff claims that Defendants McFadden and LNU violated his rights under the Eighth and Fourteenth Amendments by "keeping [him] imprisoned unlawfully and constitutionally" and that "the County Jail didn't release [him] until 7 days" after his probation was terminated. [Doc. 1 at 3].  Plaintiff, however, alleges no personal participation by Defendants McFadden or LNU and there is no vicarious liability under § 1983.  See Monell v. New York City Dep't of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037-38 (1978). Moreover, Plaintiff does not allege that any official policy or practice was the moving force behind the alleged constitutional violations.  See id. at 694-95,

4

98 S.Ct. at 2037-38. Finally, Plaintiff does not allege sufficient facts from which the Court could infer a cause of action under the Eighth or Fourteenth Amendments in any event. A vague claim that Plaintiff's release was delayed for several days after his probation was terminated, without more, is not constitutionally redressable. As such, Plaintiff has failed to state a claim for relief against Defendants McFadden, LNU, or the Sheriff's Office and these Defendants will be dismissed.

### B. Defendants County of Mecklenburg and City of Charlotte Government Offices

Plaintiff purports to sue the "County of Mecklenburg Government Office," which he alleges is located at 3205 Freedom Drive in Charlotte,[4] and the City of Charlotte Government Office," which he does not otherwise identify. [See Doc. 1 at 1-2]. These entities, to the extent they exist, are not proper Defendants in this action because they are not "persons" subject to suit under § 1983. See Brooks v. Pembroke Cty. Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989). Moreover, Plaintiff has wholly failed to state any cognizable claim for relief against them. [See Doc. 1 at 3]. They will be dismissed.

---

[4] The Freedom Drive address houses several Mecklenburg County government services, such as the Tax Office, Veterans Services, Information Technology, and the Department of Social Services.

5

### C. "Unlawful Imprisonment"

To the extent that the Plaintiff seeks relief under North Carolina law based on a claim of false imprisonment, the Court declines to exercise supplemental jurisdiction, as no federal claim has passed initial review. See Artis v. Dist. Of Columbia, 138 S.Ct. 594, 595 (2018) (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims."); 28 U.S.C. § 1367(c)(3). Accordingly, this claim is also dismissed.

In sum, Plaintiff's Complaint fails initial review for failure to state any claim for the relief and because the Court declines to exercise supplemental jurisdiction over any state law claim. The Court will dismiss all Defendants. The Court, however, will allow Plaintiff to amend his Complaint to state a claim upon which relief may be granted, if the facts support such amendment.

### IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which

relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that all Defendants are **DISMISSED** as Defendants in this matter.

The Clerk is respectfully instructed to add "FNU LNU," identified as a Captain with the Mecklenburg County Sheriff's Department, as a Defendant in this matter.

The Clerk is also instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: October 30, 2022

Martin Reidinger
Chief United States District Judge